PS/CD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAMON MONTGOMERY,

        Petitioner,

  v.                                            20-CV-06380 FPG
                                                  ORDER
STATE OF NEW YORK,

        Respondent.
_____

## INTRODUCTION

*Pro se* Petitioner Damon Montgomery is an inmate at the Allenwood Low Federal Correctional Institution. He submitted a Petition for a writ of habeas corpus under 28 U.S.C. § 2254 alleging that a state court conviction entered in the County Court of Monroe County, New York on or about December 23, 2015 was unconstitutionally obtained as set forth more precisely in the Petition. ECF No. 1. By Order filed June 26, 2020, Petitioner was directed to file information addressing the issue of the timeliness of his Petition under 28 U.S.C. § 2244(d)(1), which imposes a one-year statute of limitations on the filing of § 2254 habeas petitions. ECF No. 4. The limitations period is counted from

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or the "Act"), Pub. L. No. 104-132, 110 Stat. 1214, effective April 24, 1996.

On July 27, 2020, Petitioner filed his Response. ECF No. 5. The Court has examined the Response and finds that the Petition is barred by the limitation of time established by 28 U.S.C. § 2244. Specifically, as set forth in the Court's prior Order, ECF No. 4 at 1-2, Petitioner's judgment of conviction was entered on December 23, 2015 and he was resentenced on June 9, 2016. ECF No. 1 ¶¶ 1-4, 8-11. Petitioner did not file a notice of appeal from his conviction, *id.*, and therefore his conviction became final 30 days after the date of the judgment of conviction. *See Bethea v. Girdich*, 293 F.3d 577, 578-79 (2d Cir. 2002) (petitioner's state court judgment became "final" when the 30-day period for filing a notice of appeal from his judgment of conviction expired) (citing N.Y. Crim. Proc. L. § 460.10(1)). Regardless of whether the 30-day period ran from the date of the original judgment of conviction, December 23, 2015, or from the date Petitioner was resentenced, June 9, 2016, the latest date that Petitioner's time expired to seek direct review of his conviction was on July 9, 2016—*i.e.*, 30 days after the deadline for filing a notice of appeal expired. Petitioner did not file this habeas corpus petition until, at the earliest, May 29, 2020, ECF No. 4 at p. 3 n.2, almost four years after his conviction became final.

While Petitioner did file a state post-conviction motion for collateral relief under N.Y. C.P.L. § 440.10 ("440.10 motion"), it was not filed until, at the earliest, November 8, 2018. ECF No. 5 ¶ 3.[1] Because this motion was not filed until after the one-year statute of limitations expired, at the latest on, July 9, 2017, it did not serve to toll the statute of limitations under 28 U.S.C. § 2244(d)(2). *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (a properly filed state-court

---

[1] As noted in the Court's prior Order, there was some confusion regarding when Petitioner filed the 440.10 motion. ECF No. 4 at 2 n.1. Petitioner's Response attempts to clarify the confusion and states that the motion was filed on November 8, 2018, denied, "in-part" on March 13, 2019 and "final[ly]" on June 19, 2019. He filed an appeal on April 29, 2019, which was denied on July 31, 2019. ECF No. 5 ¶ 3.

motion filed after the end of the limitations period does not restart or "reset" the date from which the one-year limitations periods begins to run); *see also Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) ("The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. Because petitioner's one year period expired in December 1987, his collateral petition filed in 1997 does not serve to revive the limitations period. . . .").

In his Response, Petitioner argues, as best the Court can discern, that his Petition is timely under the "newly discovered evidence" provision of 28 U.S.C. § 2244(d)(1)(D) because he did not learn "through due diligence" of the factual predicate of the claim presented in the Petition until September 1, 2018, when it was "discovered" by a court-appointed attorney.  ECF No. 5 ¶ 9. Petitioner states that he was resentenced *in absentia* on June 9, 2016, but that he was never informed of being resentenced.  He only became aware of this "when [his] appeal attorney received the transcripts near the end of August beginning of September 2018."  *Id.* ¶ 1.

The Court finds that Petitioner's reliance on § 2244(d)(1)(D)'s alternative accrual date is legally insufficient to justify Petitioner's delay in filing the Petition.  The basis of Petitioner's claim in the Petition is that he had the right to be present at his resentencing on June 9, 2016 and that since he was resentenced *in absentia* to time served his plea was not voluntary and intelligent. ECF No. 1 at 6-9.[2]  Since he did not learn of his resentencing until late August or early September 2018, his claim did not accrue until that time.  Presumably, his argument continues that if his claim accrued on or about September 1, 2018 and the one-year limitations period was tolled between November 8, 2018, the date he filed his 440.10 motion, and July 31, 2019, the date his appeal (or

---

[2] Page references are to those generated by the Court's Case Management and Electronic Case Filing System (CM/ECF).

3

application for leave to appeal to the Appellate Division) was decided, *see Saunders v. Senkowski*, 587 F.3d 543, 548 2009 (2d Cir. 2009) (explaining that "[i]n *Bennett* [*v. Artuz,* 199 F.3d 116, 120 (2d Cir. 1999)], we held that a § 440.10 motion is 'pending' for purposes of AEDPA at least from the time it is filed through the time in which the petitioner could file an application for a certificate for leave to appeal the Appellate Division's denial of the motion"), the filing of the Petition on or about May 29, 2020 was timely.  ECF No. 5 ¶ 3.

Petitioner pleaded guilty to one count of Attempted Criminal Possession of a Controlled Substance in the Third Degree (N.Y. Penal Law, §§ 20.00, 110.10, 220.16[1]) and was sentenced on December 23, 2015, in accordance with the plea agreement, to ten (10) work weekends.  ECF No. 1 at 6-8.  He was resentenced *in absentia* to time served on June 9, 2016, in violation of his rights to be present at the sentencing, to make all "alloc[u]tions at sentencing," and to be "placed on notice of [his] right to appeal the decision."  *Id.* at 8.  During the time of his resentencing, Petitioner was detained at a local county jail and could have appeared before the sentencing court, "which makes the sentencing and guilty plea unconstitutional because all of the elements of the crime were never admitted and [he] was not advised his full statutory and constitutional rights that would be waived by pleading guilty to the here in [sic] stated charge and [he] was not afforded the opportunity to appear before the state court for sentencing."  *Id.* at 8.

"Section 2244(d)(1)(D) provides a different start-date for the limitations period . . . ." *Plato v. Morrissey*, 638 F. Supp. 2d 338, 345 (W.D.N.Y. 2009).  "This section is not a tolling provision, but instead 'resets the limitations period's beginning date, moving it from the time when the conviction became final . . . to the later date on which the particular claim accrued.'"  *Chettana v. Racette*, 9:15-CV-0028 (MAD), 2016 WL 447716, at *5 (N.D.N.Y. Feb. 4, 2016) (quoting *Herring v. Superintendent*, No. 1:09-CV-7610, 2010 WL 5463869 at *3 (S.D.N.Y. Dec. 2, 2010),

4

*adopted by* 2010 WL 5396081 (S.D.N.Y. Dec. 29, 2010)).  It "allows the limitations period to be measured from the date on which the factual predicate of the claim could have been discovered through due diligence, [and] can only apply to a claim for which the factual predicate is neither known nor reasonably discoverable at the time the petitioner's judgment becomes final." *Id.* (quoting *Breeden v. Phillips*, No. 05–CV–1248 (RJD), 2005 WL 1971016, at *3 (E.D.N.Y. Aug. 15, 2005) ("Here, petitioner cannot claim that his challenge to his consecutive sentence was unknown to him. Because these claims are based on petitioner's sentencing on July 16, 1996, section 2244(d)(1)(D) is inapplicable.")).  "Where documents could 'have been obtained earlier through the exercise of due diligence,' a petitioner's procurement of the evidence under a belated FOIL [or other] request does not constitute 'new evidence' under § 2244(b)(1)(D)." *Plato*, 638 F. Supp. 2d at 345 (quoting *Sorce v. Artuz*, 73 F. Supp. 2d 292, 298 (E.D.N.Y. Nov. 10, 1999) and citing *DeVeaux v. Schriver*, 98 Civ. 7563(MBM), 1999 WL 1095580, at *3 (S.D.N.Y. Dec. 3, 1999)); *Tineo v. Strack*, CV 98–834(RJD), 1998 WL 938950, at *3 (E.D.N.Y. Nov. 12, 1998); *Youngblood v. Greiner*, 97 Civ. 3289(DLC), 1998 WL 720681, at *6 (S.D.N.Y. Oct. 13, 1998) (the limitations period under 2244(d)(1)(D)'s newly discovered evidence provision "runs from the date a petitioner is on notice of the facts which would support a claim, not from the date on which the petitioner has in his possession evidence to support his claim").

Further, under Section 2244(d)(1)(A), the limitation period "begins to run from the date on which the facts supporting the claim or claims presented could have been discovered 'through the exercise of *due diligence* . . . regardless of whether petitioner actually discovers the relevant facts at a later date.'" *Adams v. Greiner*, 272 F. Supp. 2d 269, 273 (S.D.N.Y. 2003) (emphasis added) (quoting *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000) (citation omitted; internal quotations omitted)).  "In other words, 'when evidence is newly obtained, but could have been

5

obtained earlier [through the exercise of due diligence], the date when the evidence was actually obtained has no effect on the AEDPA limitation period.'" *Id.* (quoting *Duamutef v. Mazzuca*, No. 01 Civ. 2553, 2002 WL 413812, at *9 (S.D.N.Y. Mar. 15, 2002)); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.  If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit. . . ."); *Hector v. Greiner*, No. 99 Civ. 7863, 2000 WL 1240010, at *1 (E.D.N.Y. Aug. 29, 2000) ("Evidence in existence at an earlier date, though perhaps unknown to a petitioner, cannot later be described as newly discovered.").  "Indeed, 'newly discovered evidence is, by definition, incapable of discovery through . . . due diligence before or during trial.'"  *Id.* (quoting *Hector*, 2000 WL 1240010, at *1).  The petitioner carries the burden to demonstrate due diligence.  *Shabbaz v. Filion*, 402 F. App'x 629, 630 (2d Cir. 2010) (summary order) (citing *Johnson v. United States*, 544 U.S. 295, 311 (2005) (indicating that, where factual predicate for habeas claim was in existence for some time, petitioner had obligation to explain why he did not take action to discover predicate earlier)).

Here, the claimed newly discovered "evidence" is Petitioner's learning of his resentence *in absentia* on June 9, 2016; information he claims he did not learn of until more than two years later, on or about September 1, 2018, when his appellate counsel obtained a transcript, presumably of the resentencing proceeding.  The fact of his resentencing certainly was not "incapable of discovery through due diligence," *Adams*, 272 F. Supp. 2d at 274; it was readily available for more than two years prior to the date he claims he learned of it from appellate counsel.  *See Hector*, 2000 WL 1240010, at *1 ("Evidence in existence at an earlier date, though perhaps unknown to a petitioner, cannot later be described as newly discovered.").  Petitioner provides no explanation

regarding why he could not have learned of his resentencing through the exercise of due diligence prior to the time his attorney obtained transcripts more than two years later. Thus, Petitioner has failed to establish that he could not have discovered through due diligence the fact of his resentencing *in absentia*; a fact that existed at the time his conviction became final.

While not an argument raised in Petitioner's Response, the Court also finds that Petitioner has not established entitlement to equitable tolling of the statute of limitations. *See Smith*, 208 F.3d at 17. The burden is on the petitioner to demonstrate that he has met the high standard required before the Court may consider applying equitable tolling to his situation. *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001) ("[P]etitioner [must] 'demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.'") (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)), *cert. denied*, 536 U.S. 925 (2002)). Petitioner does not establish either extraordinary circumstances or reasonable diligence.

## CONCLUSION

For the foregoing reasons, the Petition is hereby dismissed as untimely. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. In addition, because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: August 20, 2020
      Rochester, New York

                            HON. FRANK P. GERACI, JR.
                            Chief Judge
                            United States District Court